**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Superior Industries, LLC,                 Civil No. 10-764 (DWF/LIB)

        Plaintiff,

v.                                                     **MEMORANDUM**
                                                    **OPINION AND ORDER**

Masaba, Inc.,

        Defendant.

---

John M. Weyrauch, Esq. and Paul P. Kempf, Esq., Dicke, Billig & Czaja, PLLC, counsel for Plaintiff.

Christen E. Royal, Esq., Kenneth H. Fukuda, Esq., and Jeffrey C. Brown, Esq., Sapientia Law Group; and Sander J. Morehead, Esq. and Tim R. Shattuck, Esq., Woods Fuller Shultz & Smith, P.C., counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on a Motion for Summary Judgment of Non-Infringement and Dismissal of Declaratory Judgment Counterclaims Based on the Court's Claim Construction brought by Plaintiff Superior Industries, LLC ("Superior") (Doc. No. 143). For the reasons stated below, the Court grants Superior's motion.

## BACKGROUND

In its Amended Complaint, Superior alleges that Defendant Masaba, Inc. ("Masaba") has infringed one or more claims of U.S. Patent No. 7,424,943, U.S. Patent No. 7,607,529, and U.S. Patent No. 7,845,482 (together the "Unloader Patents") by

making and selling certain truck unloaders; and U.S. Patent No. 7,470,101, and U.S. Patent No. 7,618,231 (together, the "Support Strut Patents") by making and selling stacking conveyors equipped with a support strut.  (Doc. No. 36, Am. Compl.)[1]  Masaba filed amended counterclaims seeking, in relevant part, a declaratory judgment pursuant to 28 U.S.C. § 2201 that the patents-in-suit are invalid.  (Doc. No. 37.)

In a Memorandum Opinion and Order dated August 17, 2012 (the "Markman Order"), the Court construed the disputed terms in this action.  (Doc. No. 118.)  Subsequently, Masaba filed a motion for summary judgment seeking dismissal of Superior's Amended Complaint based on Superior's inability to establish infringement or entitlement to relief.  (Doc. Nos. 133 & 134.)  Superior acknowledges that it cannot establish infringement of any of the claims of the patents-in-suit, and has filed a motion for summary judgment seeking both entry of judgment of non-infringement and the dismissal of the invalidity counterclaims for lack of case or controversy.  (Docs. No. 143 & 144.)[2]

Superior contends that Masaba's invalidity counterclaims are mooted by the Court's claim construction and Superior's acknowledgment that no patent infringement

---

[1]  The five patents-in-suit involve two different technologies—a low-profile truck unloader system and a telescoping support strut system—that fall generally in the field of bulk material handling equipment, which is commonly used in industries such as mining, ship loading, road construction, etc.

[2]  Masaba contends that Superior did not communicate that it would be unable to present a liability case for patent infringement until after Masaba moved for summary judgment of non-infringement.  Superior contends, however, that it communicated to Masaba's counsel, within days of the Markman Order, that it would be unable to pursue an infringement case based on the Court's claim construction.

liability exists.  Superior further contends that because an entry of judgment of non-infringement ends the controversy between the parties, the Court lacks jurisdiction over Masaba's declaratory judgment invalidity counterclaims.  Superior asserts that the Court and the parties are not best served by further proceedings before this Court.  Masaba contends that the Court does have subject matter jurisdiction over its counterclaims and that the Court should resolve the counterclaims before a final judgment is entered.

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d at 747.  The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary

judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Here, the parties agree, and the Court finds, that, under the Court's claim construction, there are no material facts in dispute regarding Masaba's alleged infringement of the patents-in-suit. Accordingly, summary judgment is appropriately granted in favor of Masaba on Superior's claims for patent infringement.

Next, the Court must decide how to proceed with respect to Masaba's invalidity counterclaims in light of the fact that Masaba is entitled to summary judgment of non-infringement. The Court has discretion to dismiss an invalidity counterclaim where it has found non-infringement. *Nystrom v. Trex, Co.*, 339 F.3d 1347,1350-51 (Fed. Cir. 2003).[3] Here, the Court finds that no case or controversy remains in light of the Court's issuance of summary judgment on Superior's patent infringement claims. The entry of final judgment of non-infringement ends any dispute before the Court, and the Court properly dismisses Masaba's counterclaims without prejudice as moot. Should the

---

[3]   Masaba cites to *Cardinal Chem. Co. v. Morton International, Inc.*, 508 U.S. 83, for the proposition that a finding of non-infringement does not by itself deprive a court of jurisdiction over an invalidity counterclaim. (Doc. No. 147 at 4.) The Federal Circuit in *Nystrom*, however, explained:

> We note that the Supreme Court's decision in [*Cardinal Chem.*], which prohibits us, as an intermediate court, from vacating a judgment of invalidity when we conclude that a patent is not infringed, does not preclude the discretionary action of a district court, in an appropriate case, in dismissing an invalidity counterclaim without prejudice when it concludes that a patent is not infringed.

*Nystrom*, 339 F.3d at 1351 n.1.

4

Federal Circuit reverse the Court's claim construction, the issue of validity will be evaluated under the corrected claim construction. *See, e.g, Amazon.com v. Barnesandnoble.com*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Even if a case or controversy were to remain, the Court would exercise its discretion and decline jurisdiction. The most efficient path forward is to allow the issue of validity to be analyzed after the appellate court considers an appeal. Should the appellate court agree with the Court's claim construction, Masaba's products would not infringe the patents-in-suit; and should the Court's claim construction be reversed, the parties would have to retry both the infringement and invalidity claims. Conducting further proceedings at this point on Masaba's invalidity counterclaims would unnecessarily consume both the parties' and the Court's resources without clarifying or settling the legal issues between the parties. Accordingly, the Court concludes that Masaba's counterclaims are properly dismissed.

## CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1.    Superior's Motion for Summary Judgment of Non-Infringement and Dismissal of Declaratory Judgment Counterclaims Based on the Court's Claim Construction (Doc No. 143) is **GRANTED**.

2.    Masaba's Motion for Summary Judgment (Doc. No. [133]) is **DENIED AS MOOT**.

3.    Masaba's invalidity counterclaims are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  February 7, 2013           s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge