# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Superior Industries, LLC,                          Civil No. 10-764 (DWF/LIB)

           Plaintiff,

v.                                            **MEMORANDUM**
                                                **OPINION AND ORDER**

Masaba, Inc.,

           Defendant.

---

John M. Weyrauch, Esq. Paul P. Kempf, Esq., and Peter R. Forrest, Esq., Dicke, Billig & Czaja, PLLC, counsel for Plaintiff.

Jeffrey Carl Brown, Esq., Sapientia Law Group; and Sander J. Morehead, Esq. and Tim R. Shattuck, Esq., Woods Fuller Shultz & Smith, P.C., counsel for Defendants.

---

# INTRODUCTION

This matter is before the Court on Defendant Masaba, Inc.'s ("Masaba") Motion for Attorneys' Fees. (Doc. No. 256.) The Court assumes the reader's familiarity with the basic facts of this case, which are set out in detail in the Court's prior orders. In short, this action involved allegations by Plaintiff Superior Industries, Inc. ("Superior") that Masaba infringed claims of U.S. Patent No. 7,424,943 (the '943 Patent), U.S. Patent No. 7,607,529 (the '529 Patent), and U.S. Patent No. 7,845,482 (the '482 Patent)

(together the "Unloader Patents")[1] by selling certain truck unloaders, and that Masaba infringed claims of U.S. Patent No. 7,470,101 (the '101 Patent) and U.S. Patent No. 7,618,231 (the '231 Patent") (together, the "Support Strut Patents")[2] by selling certain telescoping conveyors. (Doc. No. 36 ("Am. Compl.") ¶¶ 14-32.) Masaba filed amended counterclaims seeking, in relevant part, declaratory judgment that the patents-in-suit are invalid.

In August 2012, the Court issued a *Markman* Order construing the disputed claims. (Doc. No. 118 (the "*Markman* Order").) The key constructions included:

- "support frame" – a frame consisting of a pair of side frame members and an end frame member that provides a barrier for supporting an earthen ramp that can also provide support for a pivoting ramp when it is in a lowered position;

- "ramp section" – first/second ramp section including a ramp and a frame consisting of a pair of side frame members and an end frame member that provides a barrier for supporting an earthen ramp that can also provide support for the pivoting ramp when it is in a lowered position;

- "channel beam" – a metal beam having a perimeter wall with three complete sides and one partial side configured to substantially surround all four sides of the respective beam it engages with; and

---

[1] The Unloader Patents are directed to a truck unloader system with a drive-over ramp system (with three sections) and a conveyer system to transport material from a truck to a hopper. The primary disputed terms of the Unloader Patents are "support frame" and "ramp section."

[2] The Support Strut Patents are directed to a telescoping support strut system to hold up the conveyer system. The support strut is comprised of two sections, and each section is comprised of a pair of parallel beams that are braced together. The second strut section's beams are referred to as "channel beams." The primary disputed terms of the Support Strut Patents are "channel beam" and "elongate opening."

- "elongate opening" – slot defined by the openings in the partial fourth sides of the channel beams.

Based on these constructions, Superior conceded that it could not prove infringement and filed a motion seeking entry of judgment of non-infringement and dismissal of the invalidity claims. (Doc. Nos. 143 & 144.) The Court granted Superior's motion for judgment of non-infringement. (Doc. No. 154.) Superior appealed the *Markman* Order to the Federal Circuit Court of Appeals. (Doc. No. 159.)

On January 16, 2014, the Federal Circuit vacated and remanded the case for clarification, instructing the Court to provide a factual context to the disputed claim-construction issues so that the Federal Circuit could determine which of the claim constructions would affect the infringement analysis. *Superior Indus., Inc. v. Masaba, Inc.*, 553 F. App'x 986, 989-91 (2014) ("*Superior I*"). Masaba filed a Second Motion for Summary Judgment of Non-Infringement. (Doc. No. 190.) The Court found that Masaba's accused unloaders do not contain a "support frame," that Masaba's support struts do not include a "channel beam," and therefore that Masaba's accused unloaders and support struts do not infringe any of the asserted patent claims. (Doc. No. 226 at 8-17.) The Court granted summary judgment in favor of Masaba. (*Id*. at 17.) Superior appealed the decision. On June 2, 2016, the Federal Circuit issued an opinion affirming the Court's claim construction and grant of summary judgment. *Superior Indus., Inc. v. Masaba, Inc.*, 650 F. App'x 994 (2016) ("*Superior II*"). In particular, the Federal Circuit found the Court's construction of "support frame" and "ramp section," both of which required the support frame to be capable of supporting an earthen ramp, to be consistent

with the explicit definitions of those terms in the Unloader Patents. *Id*. at 998-99. The Federal Circuit further explained:

> The [district] court determined that Masaba's accused [unloader] designs do not infringe because they lack an end frame member and use steel ramps, not earthen ramps. In particular, the [district] court explained that Masaba's designs A-C have "no structure between the pivoting ramps and the portable steel access ramps that comprises a barrier at all," and Masaba's designs D and E "do not have any structure that could be characterized as a ramp support frame."

(*Id*. at 998 (citations omitted).) The Federal Circuit noted that Superior argued that the court erred in construing "ramp section" to require a "support frame," that in turn requires the presence of an earthen ramp, but found that argument unpersuasive in light of the claim language and specification. (*Id*. at 998-99.) In addition, the Federal Circuit found that the construction of "channel beam" was correct because the specification and claims of the Strut Patents "make clear that a 'channel beam' must have four sides, where the fourth side is a partial side." (*Id.* at 999.) The Federal Circuit affirmed the Court's grant of summary judgment of non-infringement of the Unloader Patents and the Strut Patents. (*Id*. at 1000.)

Masaba now moves for attorney fees under 35 U.S.C. §285.[3] Superior opposes the motion. The Court considers the parties' arguments below.

---

[3]  Masaba moved for attorney fees twice before, but in light of the pending appeals before the Federal Circuit, the Court found the motions to be premature and denied them without prejudice to refile. (Doc. Nos. 181 & 234.) Superior suggests that the Court's prior denials of attorney fees evidence the reasonableness of its litigation positions and pre-filing investigation. The Court notes that it denied the motions as premature, anticipating that the motion would be refiled after the Federal Circuit considered the
(Footnote Continued on Next Page)

DISCUSSION

I.  **Motion for Attorney Fees**

Section 285 of the Patent Act provides that in "exceptional cases" the Court may award reasonable attorney fees to a prevailing party. 35 U.S.C. § 285. The text of § 285 "imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014). The Patent Act does not define "exceptional," and therefore, it is given its ordinary meaning of "uncommon, rare, or not ordinary." *Id*. at 1756. The Supreme Court has defined an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. In determining whether a case is "exceptional," district courts are to exercise discretion on a "case-by-case" basis and to consider the totality of the circumstances, using a non-exclusive list of factors including: "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1756 n.6. The approach is meant to be flexible

---

(Footnote Continued From Previous Page)
respective appeals. The Court did not previously reach the merits of Masaba's fee request.

and a patent litigant may establish entitlement to fees by a preponderance of the evidence. *Id*. at 1758.[4]

Here, Masaba argues that the following factors support an award of attorney fees: (1) Superior's claim-construction and infringement positions were exceptionally weak; (2) Superior failed to perform a meaningful pre-suit investigation; (3) Superior engaged in repeated litigation misconduct; and (4) Superior's unreasonable conduct continued after remand by the Federal Circuit. Masaba argues that the totality of the circumstances support an award of attorney fees in the amount of roughly $1.2 million. Masaba also argues that this case is particularly egregious, thus warranting an award of expert fees totaling just over $145,000. The Court considers the relevant factors below.

A. **Strength of Litigation Position**

Masaba argues that both Superior's claim-construction and infringement arguments were extraordinarily weak. Masaba submits that it was clear that the Unloader Patents require a ramp support frame for supporting an earthen ramp and that Masaba's unloaders do not employ an earthen ramp or any type of structure for supporting one. In addition, Masaba argues that the Strut Patents require channel beams with three full sides

---

[4] Masaba points out that in the *Octane Fitness* decision, the Supreme Court used the preponderance-of-evidence standard instead of the clear-and-convincing standard of evidence. This distinction was noted in *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 112 F. Supp. 3d 888, 892 (D. Minn. 2015) (explaining that the Supreme Court rejected the clear-and-convincing standard and held that "a patent litigant may establish entitlement to fees by a preponderance of evidence"). Even in an exceptional case, the Court retains the discretion to decline an award of fees. *See Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) (explaining that the Supreme Court's decision in *Octane* did not revoke the discretion to deny fee awards even in exceptional cases).

and a partial fourth side, and that it is obvious that Masaba's struts do not have channel beams.

More particularly, with respect to claim construction, Masaba points out that Superior's proposed constructions were rejected by the Court and the Federal Circuit. For example, with respect to the Unloader Patents, the rejected constructions include the following: (1) that "support frame" and "ramp support frame" be construed as "a frame that has a pair of side frame members and an end frame member" without reference to the support frame functioning as a barrier for supporting an earthen ramp; (2) that "first frame member [of a ramp support frame] defining a barrier" be construed to mean "a frame member defines a structure" so as to eliminate the term "barrier"; (3) that "first portion [of a ramp] configured to support the end of an earthen ramp" be construed to mean "the first portion has a suitable structure that is able to support an end of an earthen ramp" without reference to the formation of a barrier; (4) that "first portions [of the ramp support frames] maintain support of the earthen ramp" be defined as "first portion stays on the ground and does not move so the earthen ramp does not move" without requiring that the unloader have a portion of the ramp specifically designed to support an earthen ramp and that the portion actually maintains the earthen ramp's position.[5] Masaba

---

[5] The above constructions pertain to the '943 and '529 Patents. Masaba makes similar arguments based on allegedly weak proposed constructions with respect to the claims of the '482 Patent, and additionally argues that Superior's infringement claims with respect to the '482 Patent lacked merit because that patent had not issued when the accused designs were sold.

further argues that Superior's proposed constructions were unsupported by the intrinsic record and in some cases directly contrary to the relevant patents.

With respect to the Support Strut Patents, Masaba points out that all of the asserted claims require a second strut section with parallel channel beams. (Doc. No. 118 at 43-48.) Superior argued that "channel beam" should be construed as a "structure that forms a C-shaped channel on each side of the second strut section, which is formed by a perimeter wall that has three wall portions such that there is an elongate opening or slot along one side of each channel beam that extends the length of each channel beam." Masaba asserts that this proposed construction was baseless because Superior knew that Masaba's accused strut design did not employ a beam with any channel at all and, despite that fact, unreasonably proposed a construction that provided for a three-sided structure instead of a beam with three full sides and a partial fourth side. Masaba points out that the Federal Circuit affirmed the Court's construction of "channel beam" while explaining that the specification and claims make it clear that a "channel beam" must have four sides, with the fourth side being a partial side. *Superior II*, 650 F. App'x at 1000. Masaba submits that no reasonable person skilled in the art could have read the Strut Patents and concluded that a channel beam means a three-sided structure. Moreover, Masaba submits that under any reasonable construction of "channel beam," it is obvious that Masaba's accused struts do not infringe the Strut Patents.

In addition, Masaba argues that even if the Court had adopted certain of Superior's proposed constructions, Superior still would not have had a viable infringement claim. First, with respect to the Unloader Patents, Masaba argues that even if the Court

construed "support frame" as Superior proposed, Superior still would not have had a viable infringement claim because (1) the Court concluded that none of the accused unloaders has a "support frame" with an "end frame member" and (2) even if Superior could have established that Masaba's allegedly infringing unloader products had a structure that constituted a "support frame," Masaba's accused unloaders do not utilize an earthen ramp and therefore have no frame member or other structure intended, designed, or configured to support an earthen ramp.[6]  Second, as to the Strut Patents, Masaba argues that under any reasonable construction of the term "channel beam," Masaba's struts do not infringe because Masaba's strut design does not include a second strut section with "channel beams" of any configuration.

Superior responds that simply because the Court and the Federal Circuit did not adopt its proposed claim construction and Superior failed to win its patent-infringement suit does not make this an exceptional case.  In particular, Superior points out that a concurring opinion in the Federal Circuit's decision in the first appeal commented that the district court "read a great deal into the claims in the process of construing them," *see Superior I* , 553 F. App'x at 991 (Rader, C.J. concurring), but that the panel that heard the second appeal affirmed the district court's claim constructions and judgment of non-infringement.  Superior maintains that its claim construction and infringement positions were reasonably based on established legal standards, and asserts that the

---

[6]  Masaba also argues that Superior did not have a reasonable infringement argument with respect to the term "first frame member [of a ramp support frame] defining a barrier" because the accused unloaders do not have a support frame with an end-frame member that defines a barrier.

9

outcome of this case rested on the claim construction of one term from each of the asserted patent families. Superior also asserts that claim construction is complex, both factually and legally, with a high reversal rate and leading to uncertainty for litigants.

Here, the Court did not adopt Superior's proposed claim constructions, and the Federal Circuit affirmed the Court's constructions. Despite this, the Court does not find Superior's proposed constructions to be so weak or unreasonable so as to "stand out" with respect to "substantive strength." The same is true for Superior's infringement arguments, many of which were rendered weak after Superior failed to prevail on its proposed claim constructions. The Court notes that fee awards are not to be used as a penalty for failure to win a patent infringement suit. *Octane Fitness*, 134 S. Ct. at 1753. Here, despite the weaknesses of Superior's claim construction and infringement arguments, the Court does not consider them to be sufficiently weak so as to warrant a finding of an "exceptional case" that could, in turn, justify a fee award.

### B.     Unreasonable Manner of Litigation

Masaba also argues that this lawsuit is exceptional because Masaba failed to conduct a meaningful pre-trial investigation and engaged in repeated misconduct.

First, Masaba argues that neither Superior nor its counsel performed a meaningful pre-suit investigation. Masaba points out that Superior's Complaint did not reference particular claims of the asserted patents or provide an explanation of its infringement allegations. Masaba also contends that shortly after Superior filed suit, Masaba asked Superior to provide more information about its infringement allegations, but Superior never responded to that request, and Superior's CEO acknowledged the lack of an

infringement investigation. Masaba also points to an August 2011 letter from Superior's counsel, wherein counsel acknowledged that due to a lack of information, Superior could not set forth its infringement position on the Strut Patents and as to the Unloader Patents, simply asserted that they do not require an earthen ramp. Masaba submits that discovery confirmed the lack of pre-suit inquiry.

Superior argues that Masaba's argument that Superior did not conduct a pre-suit investigation is without merit, based on speculation, and lacks evidence. Superior submits that a reasonable pre-filing inquiry of infringement "can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004). Superior further submits that it made the necessary disclosures under Rule 26(a), produced documents, identified persons with knowledge of Superior's pre-suit investigation, and provided detailed claim charts, all in accordance with the Federal Rules of Civil Procedure and the Court's pretrial schedule. Superior points out that Masaba did not depose witnesses identified as having knowledge of the pre-suit investigation. In addition, Superior points out that Masaba never challenged the pre-suit investigation via Rule 11 or a motion to dismiss under Rule 12. Superior details the pre-suit investigation in its opposition. (Doc. No. 252 at 7-14.)

Second, Masaba argues that Superior engaged in repeated litigation misconduct. For example, Masaba asserts that Superior engaged in pervasive discovery misconduct by wrongly asserting boilerplate objections, refusing to produce discoverable information and documents, ignoring discovery orders, and misrepresenting that it did not have

11

additional relevant financial documents, as well as documents related to the sale of patented products. In addition, Masaba contends that Superior's conduct continued after the case was remanded by the Federal Circuit by objecting to Masaba refiling its motion for summary judgment and moving to vacate the Court's claim construction of "channel beam" and "elongate opening."

Superior argues that Masaba's arguments with respect to alleged litigation misconduct simply rehash discovery and litigation disputes in which the parties have already engaged. Superior points out that Masaba sought attorney fees in connection to its previous discovery motions and that the magistrate judge found no bad faith or misconduct and repeatedly denied the fee requests. Finally, Superior argues that prior discovery orders contradict Masaba's claim that Superior engaged in litigation misconduct.

After carefully reviewing the record, the Court concludes that Masaba has not put forth sufficient evidence that Superior failed to conduct an adequate pre-suit investigation or that Superior engaged in litigation misconduct, such that it would render this case exceptional. After roughly six years of litigation, this case was determined largely (if not completely) by the construction of a limited number of claim terms. Because the Court has concluded that Superior's positions on claim construction were not so unreasonable so as to "stand apart," and based on the totality of the circumstances, the Court concludes that this case is not exceptional and, therefore, does not warrant an award of attorney fees.

## ORDER

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Masaba's Renewed Motion for Attorney Fees and Costs (Doc. No. [256]) is respectfully **DENIED**.

Dated: September 13, 2017                  s/Donovan W. Frank
                                                                 DONOVAN W. FRANK
                                                                 United States District Judge